UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEWIS PERRAUT,　　　　　　　　　　　　CASE NO.: 1:12cv934

　　　　Plaintiff,　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　v.

COMMISIONER OF SOCIAL SECURITY,

　　　　Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report") recommending that the final decision of Defendant Commissioner of Social Security to deny disability insurance benefits and supplemental security income to Plaintiff Lewis Perraut be affirmed.  (Doc. 12).  Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  (Doc. 12, p. 16).  Plaintiff Lewis Perraut filed timely objections to the Report and Recommendation. (Doc. 15).  This matter is now ripe for review.

**I.　BACKGROUND**

The procedural background and the pertinent facts have been adequately summarized in the Report and Recommendation (*see* Doc. 12), and thus, will not be repeated here.  Where necessary in addressing the objections, the Court will identify the background or evidence that is relevant to its decision.

**II.　STANDARDS OF REVIEW**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review,

1

the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Only specific objections are entitled to de novo review under the Magistrate Judge's Act, 28 U.S.C. § 636. *Id.*; *see also Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008) (citing *Ferguson v. Comm'r of Soc. Sec. Admin.,* No. 1:07-cv-247, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Jan. 28, 2008); *Westbrook v. O'Brien*, No. 1:07-cv-937, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Nov. 15, 2007); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)). The reason for that requirement is that:

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *Id.* Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge. *Id*. at 508-09; *see also Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030, 118 S. Ct. 631, 139 L. Ed. 610 (1997).

2

In reviewing the Commissioner's denial of benefits, the Court must determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### III. ANALYSIS

Having reviewed the Magistrate Judge's recommended disposition de novo in light of Plaintiff's objections, the Court concludes that the Administrative Law Judge ("ALJ") did not commit reversible error and that the decision of the Commissioner should be affirmed.

#### A. First Objection

Plaintiff's first objection concerns the Magistrate Judge's conclusion that substantial evidence supports the ALJ's reliance on the VE's testimony in response to the hypothetical question that accurately portrays claimant's impairments. (Doc. 15, p. 1). Specifically, Plaintiff contends that contrary to the Magistrate Judge's opinion, the ALJ's hypothetical presented limitations that are "more consistent" with the DOT Reasoning Level 1 than the DOT Reasoning Levels 2 or 3 such that the ALJ's reliance on the VE's testimony that presented two out of three alternative jobs at the DOT Reasoning Levels 2 and 3 constituted reversible error. (Doc. 15, pp. 1-2).

Having reviewed the issue de novo in light of the objections, the Court finds no error by the Magistrate Judge. The Magistrate Judge correctly recognized that the Sixth Circuit has held

that an ALJ may rely on VE testimony even if there is an apparent conflict between the VE's testimony and the DOT. (Doc. 12, p. 5) (citing *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009)). Under Social Security Ruling 00-4p, the ALJ has a duty to develop the record and ensure there is consistency between the VE's testimony and the DOT, which includes inquiring on the record as to whether or not such consistency exists. SSR 00-4p, 2000 SSR LEXIS 8. Where the ALJ questions the VE and the VE testifies that no conflict exists with the DOT, the Sixth Circuit has held that the ALJ has no obligation to further interrogate the VE, especially when the plaintiff is afforded the opportunity to fully cross-examine the VE. *See Lindsley*, 560 F.3d at 606; *see also Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in S.S.R. 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct."). The ALJ must develop the record further only when the conflict between the DOT and the VE's testimony is apparent. *Lindsley*, 560 F.3d at 606*; see also* SSR 00-4p, 2000 SSR LEXIS 8.

After reviewing the transcript of the VE's testimony, the Court agrees with the Magistrate Judge that the VE was asked and unequivocally confirmed that no conflict existed between his testimony and the job descriptions listed in the DOT. (Tr. 66-72). The VE also was subject to cross-examination by Plaintiff's counsel and no conflict was discerned from the testimony. (Tr. 72). The ALJ thus did not err by relying on the VE's testimony in determining other jobs plaintiff could perform.

Furthermore, the Sixth Circuit has indicated that the reasoning development requirements in the DOT are merely advisory, and has rejected arguments that the Commissioner must align DOT reasoning levels with RFC classifications. *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011); *Matelski v. Comm'r of Soc. Sec.*, No. 97-3366, 1998 U.S. App. LEXIS

4

14722, at *17 (6th Cir. 1998). Thus, even to the extent some variances exist between the DOT reasoning levels and the hypothetical presented to the VE, the Court still finds the ALJ did not commit reversible error.

Two other points also are worth making here. First, the ALJ did not expressly limit Plaintiff in the hypothetical presented to the VE to only jobs that could be performed at a DOT Reasoning Level 1. Instead, the hypothetical limited Plaintiff to:

> work that involves simple, routine, and repetitive tasks performed in a low-stress environment, defined as free of fast paced production requirements, involving only simple work-related decisions. Few, if any, workplace changes. No interaction with the general public. And only occasional interaction with coworkers and supervisors.

(Tr. 69). The VE testified that based upon those limitations, Plaintiff could perform the jobs identified. (Tr. 69-72). Notably, the DOT "lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4p, 2000 SSR LEXIS 8. In other words, not all jobs listed at DOT Reasoning Levels 2 or 3 will have requirements that are identical to or as rigorous as those listed in the DOT. *See* SSR 00-4p, 2000 SSR LEXIS 8; *Hall v. Chater*, 109 F.3d 1255, 1259 (5th Cir. 1997); *French v. Astrue*, No. 2:080-cv-15, 2009 U.S. Dist. LEXIS 4043 (E.D. Ky. Jan. 2009). Plaintiff thus would not plainly be precluded from all positions at Reasoning Levels 2 or 3. Accordingly, any discrepancy that exists between the VE's testimony and the DOT does not preclude the ALJ from reasonably relying on the VE's testimony that Plaintiff could perform the jobs identified.

Second, as the Magistrate Judge correctly recognized (Doc. 12, p. 7), even if two of the three alternative jobs were precluded, the job of freight stock clerk would remain. As the VE identified 402 jobs that exist locally and 47,000 jobs that exist nationally (Tr. 70), a significant number of jobs may still exist in the economy that Plaintiff is able to perform. *See Martin*, 170

F. App'x at 374-75 (finding even if two positions with alleged inconsistencies were excluded, ALJ could reasonable found significant number of jobs based upon third position with 870 jobs in the local geographic region); *Stewart v. Sullivan*, 904 F.2d 708 (6th Cir. 1990) (125 in local geographic area is significant number of jobs); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (determination of what constitutes a significant number of jobs is case-specific).

For the foregoing reasons, the ALJ's decision on this basis is substantially supported, and Plaintiff's first objection is overruled.

### B. Second Objection

Plaintiff's second objection is a disagreement with the Magistrate Judge's conclusion that the VE properly relied on the DOT to support his testimony regarding the jobs that the hypothetical claimant can perform. (Doc. 15, p. 2). He claims that the ALJ should have relied on the O*NET, which is a more recent and updated source. (Doc. 15, p. 2). He claims the Court should, contrary to the Magistrate Judge's position, adopt the holding of the Sixth Circuit in *Cunningham v. Comm'r of Soc. Sec.*, 360 F. App'x 606 (6th Cir. 2010). (Doc. 15, p. 2).

After de novo review, the Court reaches the same conclusion as the Magistrate Judge. In *Cunningham*, 360 F. App'x at 615, a divided panel of the Sixth Circuit explained that some of the information listed in the DOT was outdated. The circuit court remanded because the "VE's dependence on the DOT listings alone does not warrant a presumption of reliability." *Id.* at 616. The issue there was whether substantial evidence supported the conclusion that certain jobs existed in substantial numbers in the national economy, and the circuit court's holding suggested that the particular DOT job descriptions at issue – document preparer and security camera monitor – may have been obsolete. *Id.* at 614-15.

As the Magistrate Judge recognized, *Cunningham* has not been widely adopted. (Doc. 12, p. 8). Moreover, the Social Security regulations list the DOT as a relevant government publication from which an ALJ may take administrative notice of the job data. 20 C.F.R § 404.1566(d)(1). In any event, *Cunningham* does not mandate the use of O*NET or any other more current job data, except possibly where the VE testifies only to jobs that no longer exist.

Here, the VE's testimony is not undermined by the fact he did not rely on the job descriptions in O*NET, as it still is supported by substantial evidence. The VE testified that given the hypothetical RFC and limitations, the hypothetical claimant could perform work as a freight stocker, security monitor, or general office clerk. Although *Cunningham* may suggest that the job of security monitor in the DOT as identified by the VE is obsolete, it does not indicate that the other two jobs – freight stock or general office clerk – also are obsolete. Nor does Plaintiff demonstrate that such jobs are obsolete. The fact that one of the listed examples may be obsolete does not make it unreasonable to rely on the VE's testimony as a whole about other work opportunities available to the claimant. That is particularly true considering the ALJ does not have a duty to interrogate a VE to determine if his testimony is correct, and the claimant had the opportunity to fully cross-examine the VE as to his use of the DOT but did not raise the issue at that time. *See Lindsley*, 560 F.3d at 606. Accordingly, *Cunningham* is not persuasive on the record presented here, and Plaintiff's second objection is overruled.

### C. Third Objection

Plaintiff's third objection presents a disagreement with the Magistrate Judge's conclusion that the ALJ did not err by relying on the medical opinions of Dr. Leisgang and Dr. Le who did not review any of the medical evidence submitted after the dates of their reviews or opinions. (Doc. 15, pp. 2-3). Specifically, he claims that they could not provide a credible opinion about

Plaintiff's impairments and limitations because they did not review the additional medical evidence. (Doc. 15, p. 3).

After de novo review, the Court reaches the same conclusion as the Magistrate Judge. Plaintiff does not dispute the Magistrate Judge's conclusion that the additional records did not discredit or undermine the opinions of Dr. Leisgang and Dr. Le. (Doc. 12, pp. 13-14). Plaintiff instead argues only that the ALJ could not rely on medical opinions of professionals who did not review all of the relevant medical evidence. However, Plaintiff's argument ignores the Social Security regulations that require the ALJ to consider medical opinions together with the rest of the relevant evidence. 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim, including medical opinions (see § 404.1527), we make findings about what the evidence shows."); 20 C.F.R. § 404.1520b(b) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent, we will weigh the relevant evidence and see whether we can determine whether you are disabled based on the evidence we have."); 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity."). As the Sixth Circuit has recognized, "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [the claimant's] residual functional capacity." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal citations and quotations omitted) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)). Additionally, the Sixth Circuit has held that the ALJ may rely on opinions of medical professionals who did not have complete access to the record at the time of their

opinion, but it requires some indication that the ALJ considered the subsequent records before giving greater weight to an opinion that was not based on a review of the complete case record. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (citing *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007)).

Here, the ALJ evaluated, in accordance with the regulations and his responsibilities thereunder, the consistency of the medical opinions with the objective medical evidence as a whole, including the additional medical records. He then gave the most weight in his decision to the opinions he found to be consistent with the medical evidence as a whole. Indeed, the Magistrate Judge accurately acknowledged that the additional records are largely consistent with the medical opinions of Dr. Leisgang and Dr. Le. (Doc. 12, pp. 13-14). Further, none of the additional records required the ALJ to interpret data beyond his ability in order to determine consistency with the medical opinions previously rendered. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726-27 (6th Cir. 2012). Accordingly, the ALJ did not commit reversible error by giving "great weight" to the opinions of Dr. Leisgang and Dr. Le, which he determined upon proper evaluation were consistent as a whole with the medical evidence, including the additional medical evidence submitted after Dr. Leisgang's and Dr. Le's opinions were rendered.

Accordingly, Plaintiff's third objection is overruled.

### D. Fourth Objection

Plaintiff's fourth objection concerns the Magistrate Judge's determination that the ALJ properly discounted Plaintiff's credibility. (Doc. 15, p. 4). He states simply that it is "clear from his testimony" that he is disabled and "unable to engage in any sustained work activity due to his impairments and the limitations that he has as a result of those impairments." (Doc. 15, p. 4).

He further contends that the ALJ incorrectly determined that Plaintiff's activities of daily living are inconsistent with someone alleging a disability. (Doc. 15, p. 4).

Having reviewed the credibility determination de novo in light of Plaintiff's objection, the Court finds no error by the Magistrate Judge. The Magistrate Judge correctly recognized (Doc. 12, p. 9) that "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). The Magistrate Judge also correctly stated (Doc. 12, p. 9) that it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004). An ALJ's credibility assessment should be afforded great weight and deference, but it must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Here, the Court agrees with the Magistrate Judge's thorough and accurate description of the inconsistencies in the record that were noted and considered by the ALJ in discounting Plaintiff's credibility. (Doc. 12, pp. 9-12). As evidenced by that description, the ALJ did not dismiss Plaintiff's complaints in a cursory fashion, but instead considered and explained the many inconsistencies in the records upon which he relied in determining that Plaintiff's complaints were not fully credible. Further, as the Magistrate Judge recognized (Doc. 12, p. 12), the ALJ is permitted, and generally required, to consider a claimant's level of daily activities in assessing his credibility. 20 C.F.R. § 404.1529(c)(3); *Warner*, 375 F.3d at 392. It therefore was not error for the ALJ to consider Plaintiff's daily activities as one of many factors in making his credibility assessment. Although some of Plaintiff's testimony may have been consistent with disability, or consistent with some medical evidence, the fact that an opposite conclusion could

have been reached does not warrant reversal where, as here, the ALJ's findings are otherwise supported by substantial evidence. *See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 857 (6th Cir. 2010).

Accordingly, Plaintiff's fourth objection is overruled.

## IV.    CONCLUSION

Consistent with the foregoing, Plaintiff's objections (Doc. 15) are **OVERRULED** and the Report and Recommendation (Doc. 12) is **ADOPTED** in its entirety.  The decision of the Commissioner is hereby **AFFIRMED**, and this matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

s/Michael R. Barrett<br>
Michael R. Barrett, Judge<br>
United States District Court